Timothy R. Kurtz, ISB No. 8774
Chapter 7 Bankruptcy Trustee
P.O. Box 956
Boise, ID 83701
Telephone (208) 287-8125
Facsimile (208) 287-8130

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>Atkinson, Christopher Lee<br>Atkinson, Karen Helen<br><br><br><br>Debtors. | Case No. 22-00024-NGH<br>Chapter 7<br><br><br><br>**TRUSTEE'S OBJECTION TO EXEMPTIONS** |

**NOTICE OF OBJECTION TO EXEMPTION AND OPPORTUNITY TO OBJECT AND FOR A HEARING**

**No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within **14** days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.** Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

**Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

TO THE ABOVE NAMED COURT, THE DEBTORS AND DEBTORS' ATTORNEY:

**NOTICE**

YOU ARE HEREBY NOTIFIED that the Trustee of the above estate objects to the following exemption(s) claimed by the debtor(s) in this proceeding:

**TRUSTEE'S OBJECTION TO EXEMPTION - 1**

| Assets | Specific Law | Value of Exemption |
|---|---|---|
| 2018 Lexus RX 350 | Idaho Code § 11-605(3) | $10,000.00 |
| 2019 Triton/Dutchmen 43' Toy Hauler | Idaho Code § 55-1003 | $70,000.00 |
| 1997 Toyota Tacoma | Idaho Code § 11-605(3) | $2,500.00 |
| Business Checking/Savings (5475) Clarity Credit Union (Concrete Raisers of Idaho) | Idaho Code § 11-207 | 75% |
| Business Checking/Savings (8331) Clarity Credit Union (Chris Atkinson Farming LLC) | Idaho Code § 11-207 | 75% |
| Personal Checking/Savings (2093) Clarity Credit Union (Karen Atkinson) | Idaho Code § 11-207 | 75% |
| Personal Checking/Savings (6519) Clarity Credit Union (Keegan Atkinson) | Idaho Code § 11-207 | 75% |
| Joint Personal Checking (2526): U.S. Bank | Idaho Code § 11-207 | 75% |
| Personal Checking (6738): U.S. Bank (Karen Atkinson) | Idaho Code § 11-207 | 75% |
| Personal Savings (8466): U.S. Bank (Karen Atkinson) | Idaho Code § 11-207 | 75% |
| Personal Savings (1777): U.S. Bank (Keegan Atkinson) | Idaho Code § 11-207 | 75% |
| Wages owed to Debtor(s) at the time of filing, but not yet paid | Idaho Code § 11-207 | 75% |
| Account Receivables | Idaho Code § 11-207 | 75% |
| Pension Trust/Pension Payment | Idaho Code § 11-604A | $0.00 |

**TRUSTEE'S OBJECTION TO EXEMPTION - 2**

YOU ARE FURTHER NOTIFIED that the Trustee will ask the Court to grant an Order sustaining the objection(s) without further hearing unless a written reply to the Trustee's objection is filed in duplicate within fourteen (14) days from the date this objection is mailed. File the original (1) with the U.S. Bankruptcy Court, 550 W. Fort St., Boise, ID 83724; and (2) a copy with the Trustee. A written response to the Trustee's objection must be set for hearing and notice thereof mailed to parties in interest.

## **OBJECTIONS**

Trustee objects to the Debtors' claims of exemptions in the above-listed property, as the property may not by covered, in whole or in part, by the exemption statute listed.

The Debtors are attempting to use Idaho's motor vehicle exemption statute to exempt a **2018 Lexus RX 350** (the "Lexus") that was not lawfully registered with the State of Idaho Transportation Department on January 26, 2022 (the "Petition Date"). Idaho Code § 49-456(1) states, "It shall be unlawful for any person to operate or for the owner to permit the operation upon a highway of any motor vehicle, trailer, or semi-trailer which is not registered[.]" The Lexus's Idaho registration was expired on the Petition Date, and thus the Lexus did not meet the requirements to be lawfully operated on a public street or highway and was not a "motor vehicle" for purposes of exemption under Idaho Code § 11-605(3). See e.g., *In re Haworth*, 604 B.R. 394, 398 (Bankr. D. Idaho 2019) (citing *In re Walsh*, 14-01778-TLM (Bankr. D. Idaho 2014) (a vehicle that is not registered on the petition date is not a motor vehicle for purposes of Idaho Code 11-605(3) and cannot be exempted). Therefore, the Lexus may not be exempted under Idaho Code § 11-605(3).

Debtors have made Trustee aware that the **2019 Triton RV** is being surrendered and is no longer being used as a residence by the Co-Debtor. Based upon the testimony of the Debtors, the 2019 Triton RV was not the primary residence of either of the Debtors. Therefore, the exemption of Idaho Code § 55-1003 should be disallowed.

Documents provided to Trustee indicate that all of the Debtors' **bank accounts**, and the funds therein, have been commingled with the business accounts of Concrete Raisers of Idaho, a registered DBA, and Chris Atkinson Farming, LLC, a registered Idaho limited liability company. Moreover, the Debtors testified and admitted at the 341 meeting of creditors that all of the bank accounts and funds listed in the bankruptcy are not traceable to wages, and do not include earnings or wages. Therefore, all of the bank accounts and bank funds listed above are not exemptible under Idaho Code § 11-207, and these exemptions should be disallowed.

Debtors have represented to the Trustee, during the 341 meetings and documentation produced thereafter, that $15,455.00 of "receivables," was received post-petition by Concrete Raisers of Idaho, a registered Idaho DBA, for work that was performed pre-petition. Debtors disclosed "**Accounts Receivable**" of $15,000.00 on their schedules and are claiming an exemption of 75% of the Accounts Receivable pursuant to Idaho Code § 11-207. These payments for services provided by Concrete Raisers of Idaho are "rooted in the pre-bankruptcy past and the payments are included in the estate. Idaho Code § 11-207 allows an exemption for

**TRUSTEE'S OBJECTION TO EXEMPTION - 3**

75% of "earnings" of the debtors.  However, the monies paid to Concrete Raisers was not personal "earnings" of the Debtors, but rather was for revenue received by the Debtors' business, Concrete Raisers of Idaho, for pre-petition work done on various projects.

For purposes of Idaho Code § 11-207, the statutory definition of "earnings" means "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program."  Idaho Code § 11-206.  "[T]he focus is not on the words used to describe the obligation, but rather on how the obligation was generated.  If the obligation is found to reflect compensation for personal services and labor of the debtor, § 11-207(1) provides an exemption of 75% of that amount."  *In re Atkinson*, 258 B.R. 769, 773 (Bankr. D. Idaho 2001).  The crux of cases interpreting Idaho Code § 11-207 hold that the earnings must be the result of the personal services of the debtor.  Here, however, the "accounts receivable" referred to were payments received post-petition for work performed pre-petition by Concrete Raisers of Idaho, which holds itself out to the world as a business – it is registered as a DBA and on the invoices submitted, the business is described as Concrete Raisers of Idaho, LLC, even though it is not a limited liability company.  Moreover, the invoices submitted for this work were agreements between other third parties and Concrete Raisers of Idaho, not the Debtors personally.  Debtors testified at their 341 meeting of creditors that Concrete Raisers is their business, and is used for various projects that receive revenue.  Debtors have operated Concrete Raisers as a business, paying out wages to employees and/or contractors for work performed, maintain separate bank accounts, and have recorded expenses for Concrete Raisers, although many of the expenses have been commingled between Concrete Raisers, Chris Atkinson Farming LLC, and the Debtors' personal expenses.  Debtors are attempting to hold themselves out to the world as a business performing services and earning revenue on projects, however, the business income derived by Concrete Raisers is revenue received for the business's services and are not attributable to the Debtors' personal services, and therefore cannot be "earnings."  As such, Idaho Code § 11-207 is inapplicable here and will not protect 75% of those commissions.  See e.g. *In re Lott*, Case No. 17-40412-JMM.

Debtors are attempting to exempt a 1997 Toyota Tacoma using Idaho Code 11-605(3) – the so called "tools of trade" or "business equipment" exemption.  Debtors testified that the Toyota is used only as a convenience of the Debtors to drive long distances to inspect property.  Idaho Bankruptcy Courts have consistently held that the mere fact that a debtor uses an item for their earnings is not sufficient to allow an exemption of the item under Idaho Code § 11-605(3).  The item must be ***necessary*** for the debtors' continued employment.  *In re Biancavilla*, 173 B.R. 930, 933 (Bankr. D. Idaho 1994); *In re Ackerman,* 91 I.B.C.R. at 27–28 (*citing In re Moon,* 89 I.B.C.R. at 30 (Bankr.D.Idaho 1989)).  Here, the Toyota is clearly not necessary to the debtors' continued employment; rather, it is only used as a convenience.

Date: April 23, 2022                                              /s/  Timothy R. Kurtz
                                                                          Chapter 7 Bankruptcy Trustee

**TRUSTEE'S OBJECTION TO EXEMPTION - 4**

## CERTIFICATE OF SERVICE

        I hereby certify that on this date as indicated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the individuals so noted below. I further certify that, on the same date, I have mailed by United States Postal Service the foregoing document to the following non-EM/ECF Registered Participant(s) either listed below or on an attached list.

*Electronic Notification*

- **Matthew George Bennett**   mbennett@foleyfreeman.com, abennett@foleyfreeman.com;r59345@notify.bestcase.com
- **Matthew Todd Christensen**   mtc@johnsonmaylaw.com, mtcecf@gmail.com;mar@johnsonmaylaw.com;mla@johnsonmaylaw.com;acs@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.com;christensenmr81164@notify.bestcase.com
- **Sheila Rae Schwager**   sschwager@hawleytroxell.com, thummel@hawleytroxell.com
- **US Trustee**   ustp.region18.bs.ecf@usdoj.gov

*Served by U.S. MAIL*

Christopher Lee Atkinson
1315 W Idaho Blvd
Emmett, ID 83617

Karen Helen Atkinson
615 Antelope Way
Caldwell, ID 83607

                                        /s/  Timothy R. Kurtz
                                        Date: April 23, 2022

**TRUSTEE'S OBJECTION TO EXEMPTION - 5**