Matthew G. Bennett
FOLEY FREEMAN, PLLC
953 S. Industry Way
P.O. Box 10
Meridian, Idaho 83680
Phone:   208.888.9111
Fax:     208.888.5130
Idaho State Bar No. 9499
E-mail: mbennett@foleyfreeman.com

Attorney for Debtors

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>**CHRISTOPHER LEE ATKINSON and KAREN HELEN ATKINSON,**<br><br>Debtor. | Case No. 22-00024-NGH<br><br>Chapter 7<br><br>**DEBTORS' OBJECTION TO CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NON-TITLED EQUIPMENT AND NOTICE OF HEARING** |

COMES NOW the Debtors, Chris L. Atkinson and Karen H. Atkinson, by and through their attorney of record, Matthew G. Bennett of Foley Freeman, PLLC, and hereby objects to Creditor Northwest Farm Credit Services, PCA, ("Creditor"), (Docket No. 48) filed on April 26, 2022, as follows:

1. The Debtors filed for bankruptcy on or about January 26, 2022 and listed certain items of personal property.

2. Prior to the bankruptcy filing, the Debtors received certain funds from Northwest Farm Credit Services as is evidenced by notes and loan agreements attached to the Creditor's Motion for Relief From the Automatic Stay. The Debtors do no dispute receiving those funds

**OBJECTION TO CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NON-TITLED EQUIPMENT AND NOTICE OF HEARING - 1**

nor do they dispute that those are true and correct copies of the loan documents which they executed.

3. Debtors disagree that the security interest which is attached to the Motion for Relief From the Automatic Stay as Exhibit E which is a UCC-1 Financing Statement filed on or about April 24, 2018. That UCC-1 Statement does list "all machinery, equipment, and fixtures" but does not have any provision as to after required machinery equipment and fixtures.

4. The Debtors do not dispute that that Financing Statement attaches to the equipment which existed at the time of the UCC-1 filing which includes the following equipment purchased after April, 2018:

Farm:
| | |
|---|---|
| Seed Tender: | April 10, 2018 |
| 2018 Polaris Ranger Side by Side: | June 27, 2018 |
| 1990 Kenworth T800. Green Truck #61: | August 7, 2018 |

Concrete Raisers of Idaho Business:
| | |
|---|---|
| Air Compressor: | August 30, 2018 |
| Flat Bed Car Trailer: | August 31, 2018 |

Farm:
| | |
|---|---|
| Triple K Plow: | October 25, 2018 |
| Versatile Tractor: | October 30, 2018 |

| | |
|---|---|
| Feed Truck/From Action: | February 1, 2019 |
| Self-Propel Sprayer: | February 5, 2019 |
| Triton Toy Hauler RV: | February 22, 2019 |
| Feed Truck bed from Action: | March 18, 2019 |
| Wishek Disc: | September 25, 2019 |
| 2005 Freightliner Detroit Series 60/VIN ending 6301: | October 19, 2019 |

| | |
|---|---|
| 2019 Snake River Goose Neck Trailer: | January 17, 2020 |

Concrete Raisers of Idaho Business:
| | |
|---|---|
| HMI Mud Pump: | June 25, 2020 |

Farm:
| | |
|---|---|
| Kuhn Mixer: | July 31, 2020 |
| Oxbo Picker/bean head and corn head: | November 12, 2020 |

**OBJECTION TO CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NON-TITLED EQUIPMENT AND NOTICE OF HEARING - 2**

Other vehicles:
2021 Dodge 1 ton truck, VIN 4874:     January 2, 2021
2021 Dodge 1 ton truck.                May 1, 2021
2018 Lexus:                            November 3, 2021.

5.  The Debtors contend that the following items were purchased subsequent to the UCC-1 filing in April of 2018. The following items are not subject to the bank's security interest and therefore Farm Credit Services should not be granted stay relief for that motion.

## LEGAL ANALYSIS

6.  Idaho Code 28-108 and UCC 9-108 address the collateral description in a UCC financing statement. They say, in part, that " Except as otherwise provided in subsection (d) of this section, a description of collateral reasonably identifies the collateral if it identifies the collateral by:

**(1)** Specific listing;

**(2)** Category;

**(3)** Except as otherwise provided in subsection (e) of this section, a type of collateral defined in the uniform commercial code;

**(4)** Quantity;

**(5)** Computational or allocational formula or procedure; or

**(6)** Except as otherwise provided in subsection (c) of this section, any other method, if the identity of the collateral is objectively determinable.

7.  The comment to the official UCC text, reprinted in Idaho Code, says:

(3) **After-Acquired Collateral.** Much litigation has arisen over whether a description in a security agreement is sufficient to include after-acquired collateral if the agreement does not explicitly so provide. This question is one of contract interpretation and is not susceptible to a statutory rule (other than a rule to the effect that it is a question of contract interpretation). Accordingly, this section contains no reference to descriptions of after-acquired collateral.

8.  The security agreement, attached as Exhibit D to the motion for relief from stay, grants a security interest in the following (see p36-37 of the pdf):

**OBJECTION TO CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NON-TITLED EQUIPMENT AND NOTICE OF HEARING - 3**

**Machinery, Equipment, Fixtures and Motor Vehicles.** All equipment, machinery, tools, furniture, fixtures, including without limitation, all such goods located at any of Debtor's plants, warehouses, facilities, stores and offices or used by Debtor in connection with the Debtor's operations.

**Other Collateral.** All of the following collateral of every kind and description arising out of or in any way related to the Debtor's farming, ranching, agricultural or aquatic operations: all general intangibles, documents, licenses and permits to the extent assignable, investment property, letters of credit, letter-of-credit rights, and any interests or claims under any policy of insurance, commercial tort claims and judgments. All books, records documents, computer tapes and other information relating to or arising out of Debtor's business.

**Similar or After-Acquired Property.** All property and goods similar to those described above which at any time hereafter may be acquired by Debtor; also, all accessories, replacements, accessions and additions to and substitutions of the Collateral described herein or any part thereof and all products and proceeds thereof.

9.  In this case the UCC would potentially attach to after acquired property, only to the extent they are like what had originally been financed. In this case the original financed items were farm equipment. The after acquired property is a mix of farming and concrete related equipment. While the UCC may attach to the farming equipment it does not attach to the following because those items are not similar in nature:

> Concrete Raisers of Idaho Business:
> Air Compressor: August 30, 2018
> Flat Bed Car Trailer: August 31, 2018

> Concrete Raisers of Idaho Business:
> HMI Mud Pump: June 25, 2020

WHEREFORE, the Debtors respectfully request the Court deny Movant's Motion in part to the extent proven at a hearing that the UCC does not extend to any concrete placing or pouring equipment.

## NOTICE OF HEARING

PLEASE TAKE NOTICE that a preliminary hearing will come on before the Court regarding the Debtor's Objection to Motion for Relief from Automatic Stay in the above matter on **May 23, 2022, at the hour of 1:30 p.m.**, via telephone or as soon thereafter as counsel can be heard before the Honorable Judge Noah G. Hillen. On the date and time specified, the parties shall call the Court's personal conference number 1-669-254-5252, enter the Meeting ID Number 160-5422-0978, and follow the operator's instructions.

DATED this 9th day of May, 2022.

FOLEY FREEMAN, PLLC

/s/Matthew G. Bennett
Matthew G. Bennett
Attorney for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of April 2022, I caused to be served a true and correct copy of the foregoing document by the method indicated below, and addressed to the following:

| | | |
|---|---|---|
| Office of the U.S. Trustee | X | CM/ECF Notice |
| Timothy R. Kurtz | X | CM/ECF Notice |
| Matthew Todd Christensen | X | CM/ECF Notice |
| Sheila Rae Schwager | X | CM/ECF Notice |
| Ally Bank c/o AIS Portfolio Services, LP<br>4515 N. Santa Fe Ave., Dept, APS<br>Oklahoma City, OK 73118 | X | U.S. Mail |
| Tracie L. Archer<br>Farm Credit Services of America<br>5015 South 118th Street<br>Omaha, NE 68137 | X | U.S. Mail |

/s/ Matthew G. Bennett
Matthew G. Bennett

**OBJECTION TO CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NON-TITLED EQUIPMENT AND NOTICE OF HEARING - 5**